BROWN RUDNICK LLP
STEPHEN D. PALLEY (*Pro Hac Vice* forthcoming)
spalley@brownrudnick.com
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
Telephone:    (202) 536-1766
Facsimile:    (617) 289-0466

BROWN RUDNICK LLP
HAILEY LENNON, #286222
hlennon@brownrudnick.com
SAMUEL MONIZ, #313274
smoniz@brownrudnick.com
2211 Michelson Drive, 7th Floor
Irvine, California 92612
Telephone:    (949) 752-7100
Facsimile:    (949) 252-1514

Attorneys for Plaintiff TrustToken, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TrustToken, Inc., a Delaware corp., | CASE NO. 3:23-cv-1427 |
| Plaintiff, | **COMPLAINT** |
| vs. | DEMAND FOR JURY TRIAL |
| Kbit Global Limited | |
| Defendant. | |

COMPLAINT

Plaintiff TrustToken, Inc. ("Plaintiff") brings this Complaint for breach of contract against Kbit Global Limited ("Defendant"), and alleges as follows:

## PARTIES

1. Plaintiff is a Delaware corporation with its principal place of business in the State of California, County of San Francisco.

2. Defendant is a limited company organized under the laws of China with its principal place of business at Unit 144, 14th Floor, Cosco Tower, 183 Queen's Road, Central Sheung Wan, Hong Kong.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000, and there is complete diversity of the parties, with Plaintiff being a Delaware corporation based in California, and Defendant being a Chinese limited company based in Hong Kong.

4. Venue is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions at issue occurred in San Francisco County, California, including without limitation the entry by Plaintiff and Defendant into the contracts at issue.

## DIVISIONAL ASSIGNMENT

5. Pursuant to Local Rules 3-2 and 3-5, this case is properly assigned to the San Francisco Division of the above-entitled Court, because a substantial part of the events or omissions at issue occurred in San Francisco County, California.

## GENERAL FACTUAL ALLEGATIONS

6. Plaintiff is a financial services company at the forefront of the development of new global financial systems, using blockchain technology to facilitate loans and commerce. The innovations Plaintiff has developed include TrueUSD ("TUSD"), a stablecoin – i.e., a digital asset, the value of which is pegged to the value of the United States dollar, such that one TUSD token has a value of one dollar. Plaintiff is also engaged in the development of TrueFi ("TRU"), a blockchain protocol designed to enable and facilitate uncollateralized lending based on on-chain credit scores.

///

7. Between March of 2020 and August of 2021, Plaintiff entered into a series of three written loan agreements with Defendant (collectively, the "Loan Agreements"). Pursuant to the Loan Agreements, Plaintiff lent to Defendant a total of 2,200,000 TUSD tokens, 6,500,000 TRU tokens, and 1,500,000 tokens of an additional stablecoin, known as USDT.

8. More specifically, Plaintiff entered into a March 30, 2020 Loan Agreement and associated Promissory Note ("March 2020 Agreement"); a January 14, 2021 Loan Agreement and associated Promissory Note ("January 2021 Agreement"), and an August 12, 2021 Loan Agreement and Promissory Note ("August 2021 Agreement").

9. In the March 2020 Agreement, Plaintiff agreed to loan Defendant the sum of 700,000 TUSD. Under the terms of the March 2020 Agreement, repayment of the entire loan was due within five days after receipt by Defendant of a written demand by Plaintiff. A copy of the March 2020 Agreement is attached hereto as **Exhibit 1**.

10. In the January 2021 Agreement, Plaintiff agreed to lend Defendant the sum of 1,500,000 TUSD tokens and 6,500,000 TRU tokens. Under the terms of the January 2021 Agreement, repayment of the entire sum was due within 24 hours of receipt by Defendant of a written demand by Plaintiff. A copy of the January 2021 Agreement is attached as **Exhibit 2**.

11. In the August 2021 Agreement, Plaintiff agreed to lend Defendant the sum of $1,500,000 in USDT tokens. Under the terms of the August 2021 Agreement and the Promissory Note annexed thereto, repayment of the entire sum was due within 24 hours of receipt by Defendant of a written demand by Plaintiff. A copy of the August 2021 Agreement is attached as **Exhibit 3**.

12. Plaintiff fully complied with the terms of the Loan Agreements and lent Defendant all amounts contemplated therein.

13. On or about December 28, 2022, Plaintiff made a written demand to Defendant for repayment on each of the Loan Agreements (the "Demand"). In accordance with Paragraph 2 of the March 2020 Agreement, repayment of the loan memorialized by that agreement was due within five of the Demand – i.e., by January 2, 2023. In accordance with Paragraph 2 of the January 2021

///

Agreement and August 2021 Agreement, repayment of the loans memorialized by those agreements was due within 24 hours of the Demand – i.e., by December 29, 2022.

14. Defendant has acknowledged the validity and enforceability of the Loan Agreements by repaying amounts owed under the March 2020 and August 2021 Agreements but has failed and refused to fully repay all amounts due to Plaintiff under the January 2021 Loan Agreement and annexed Promissory Note.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

15. Plaintiff incorporates by this reference the foregoing paragraphs, as though set forth in full.

16. On or about January 14, 2021, Plaintiff and Defendant entered into the January 2021 Loan Agreement and related promissory note. Pursuant to the January 2021 Agreement, Plaintiff agreed to loan Defendant of 1,500,000 TUSD tokens and 6,500,000 TRU tokens, and Defendant agreed to repay that sum when due, and within 24 hours of receipt of a written demand.

17. Plaintiff fully performed all of its obligations under the January 2021 Loan Agreement, including by lending to Defendant the amounts specified therein.

18. On or about December 28, 2022, Plaintiff delivered to Defendant the Demand, requesting repayment under the terms of the January 2021 Agreement. Pursuant to Paragraph 2 of the January 2021 Agreement, repayment was due within 24 hours thereafter.

19. Defendant has failed to fully and timely repay the amounts due and owing under the January 2021 Agreement and is in breach of its contractual obligation to do so.

20. Defendant's breach is not justified or excused.

21. Defendant agreed that it would be responsible for paying Plaintiff's legal fees in the event that it failed to pay the Note when due as set forth in the following excerpt: "In the event any payment under this Note is not paid when due, the Borrower agrees to pay, in addition to the principal and interest hereunder, reasonable attorneys' fees not exceeding a sum equal to 15% of the then outstanding balance owing on the Note, plus all other reasonable expenses incurred by Lender in exercising any of its rights and remedies upon default."

22. As a result of Defendant's breach, Plaintiff has suffered damages, including without limitation the value of the unpaid loan, in an amount subject to proof but in excess of $75,000. In addition to any other remedies, Plaintiff is also entitled to specific performance under the January 2021 Agreement, including as to the repayment of tokens lent to Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For damages in an amount subject to proof but in excess of $75,000;
2. For prejudgment and postjudgment interest at the highest rate allowed by law;
3. For reasonable attorneys' fees as agreed to by Plaintiff in the governing contract;
4. For costs and expenses;
5. For specific performance; and.
6. For such other relief as the Court may deem just and proper.

Plaintiff demands trial by jury.

DATED: March 27, 2023        Respectfully submitted,

BROWN RUDNICK LLP


By:  /s/ Hailey Lennon
     HAILEY LENNON
     Attorneys for Plaintiff TrustToken, Inc.

1402914 v1-iManDB-039208/0001